RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
DAVID J. MORSE, IDAHO STATE BAR NO. 10066
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

JAN 11 2022

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ALEJANDRO VELASQUEZ, <br><br> Defendant. | Case No. CR 22-005-S-BLW <br><br> **INDICTMENT** <br><br> 18 U.S.C. § 922(g)(1) <br> 18 U.S.C. § 924(d) <br> 21 U.S.C. § 841(a)(1) and (b)(1)(C) <br> 21 U.S.C. § 853 <br> 28 U.S.C. § 2461(c) |

The Grand Jury charges:

### COUNT ONE

**Possession with Intent to Distribute Fentanyl**
**21 U.S.C. § 841(a)(1) and (b)(1)(C)**

On or about December 20, 2021, in the District of Idaho, the defendant, ALEJANDRO VELASQUEZ, did knowingly and intentionally possess with intent to distribute a substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWO

### Unlawful Possession of a Firearm
### 18 U.S.C. § 922(g)(1)

On or about December 20, 2021, in the District of Idaho, the defendant, ALEJANDRO VELASQUEZ, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Possession/Purchase for Sale Narcotics/Controlled Substance and Felony Possession of Drugs in Prison, in case number RIF1402611, in the Superior Court of California, in and for the County of Riverside, did knowingly possess in and affecting commerce a firearm, that is, a Sturm Ruger, Model LC9s, 9mm pistol, bearing serial number 32925462, said firearm having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## CRIMINAL FORFEITURE ALLEGATION

### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offense alleged in Count One of this Indictment, the defendant, ALEJANDRO VELASQUEZ, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1. Seized Property.

INDICTMENT - 2

(a) Sturm Ruger, Model LC9s, 9mm caliber handgun, bearing serial number 32925462, and any associated ammunition.

2. <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>. The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

3. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

 a. Cannot be located upon the exercise of due diligence;
 b. Has been transferred or sold to, or deposited with, a third person;
 c. Has been placed beyond the jurisdiction of the court;
 d. Has been substantially diminished in value; or
 e. Has been commingled with other property which cannot be subdivided without difficulty.

## CRIMINAL FORFEITURE ALLEGATION

### Firearm Forfeiture
### 18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)

Upon conviction of the offense alleged in Count Two of this Indictment, the defendant, ALEJANDRO VELASQUEZ, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), any firearms or ammunition involved in or used in the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

**INDICTMENT - 3**

1. <u>Seized Property.</u>

    (a) Sturm Ruger, Model LC9s, 9mm caliber handgun, bearing serial number 32925462, and any associated ammunition.

2. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 11th day of January, 2022.

A TRUE BILL

/s/ [signature on reverse]
_____
FOREPERSON

RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
By:

DAVID J. MORSE
SPECIAL ASSISTANT UNITED STATES ATTORNEY

INDICTMENT - 4